UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVBI COMPANY LIMITED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HONG THOA THI PHAM, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-05858-SI<br><br>**ORDER RE DISCOVERY DISPUTE**<br>Re: Dkt. Nos. 84, &, 87 |

Before the Court are the parties' joint statements regarding a discovery dispute. Dkt. No. 84 and 87. While the parties have resolved most of their disputes, one remains, namely: whether defendant Hong Thoa Thi Pham should produce her personal tax returns for the years 2014-2018. Plaintiff TVBI Company Limited ("TVBI") requested an informal discovery conference regarding this issue. Having considered the arguments submitted in the parties' joint statements, the Court finds the matter appropriate for immediate resolution.

Defendants argue that (1) Ms. Pham's personal tax returns are private, (2) the returns are irrelevant, and (3) since Lido and Ms. Pham are separate and distinct, Lido's tax returns are sufficient and have been produced. These arguments fail.

First, Ms. Pham admitted in her answer to the second amended complaint ("SAC") that she is Lido's sole shareholder, officer, and director – giving her complete control over the entity. Dkt. 39 ¶ 5. Second, the SAC alleges that Ms. Pham transferred the income, revenues, and assets of Lido Night Club to herself and/or other persons/entities. Dkt. No. 32 ¶¶ 23-24, 44-46, 59-61, 69, 75-77, 88-90. The SAC goes on to allege that Ms. Pham used that money for her own personal use, "including payment of her personal taxes and child support obligations, and to acquire, maintain, and improve or pay taxes related to other properties she owned…" *Id*. ¶¶ 76-77, 89-90. Thus, Lido's

tax returns alone are insufficient to fulfill plaintiff TVBI's request, Ms. Pham's tax returns are relevant, and the request for said returns is reasonably calculated to lead to discovery of admissible evidence. FRCP 26(b).

Finally, Ms. Pham has waived the privilege with respect to her tax returns. There is no federal privilege for tax returns and, while California does recognize such a privilege, it is not absolute. "The privilege is waived or does not apply in three situations: (1) there is an intentional relinquishment (2) the gravamen of [the] lawsuit is so inconsistent with the continued assertion of the taxpayer's privilege as to compel the conclusion that the privilege has in fact been waived, or (3) a public policy greater than that of confidentiality of tax returns is involved." *Schnabel v. Superior Court*, 5 Cal. 4th 704, 721, 854 (1993) (internal citations and quotations omitted). Lido has already produced its tax returns – admitting they are relevant and intentionally relinquishing them. Therefore, and considering the facts discussed above, Ms. Pham's personal tax returns are also relevant and should be produced.

## CONCLUSION

Plaintiff TVBI has stated that it is willing to enter into a protective order to ensure Ms. Pham's confidentiality. The Court hereby orders Ms. Pham to produce her personal tax returns for years 2014-2018 no later than March 22, 2019. If the parties submit a proposed protective order prior to that date, the Court will review and approve it.

**IT IS SO ORDERED**.

Dated: March 18, 2019

SUSAN ILLSTON
United States District Judge