UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVBI COMPANY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>HONG THOA THI PHAM, et al.,<br><br>Defendants. | Case No. 17-cv-05858-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 85 |

Before the Court is a motion for partial summary judgment filed by plaintiff TVBI Company Limited ("TVBI"), seeking judgment of liability on its second cause of action for breach of fiduciary duty and fifth cause of action for breach of contract, with the amount of damages to be established at trial. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for April 26, 2019.

## BACKGROUND[1]

In June, 2013, in a separate but related action, TVBI sued Ms. Pham alleging she received fraudulent transfers from her then business partner and boyfriend, Wang Yu Lin, who was also a judgment debtor of TVBI (the "Fraudulent Transfer Action"). S*ee TVBI Company Limited v. Hong Thoa Thi Pham*, 13-cv-2492. In that action, TVBI alleged Ms. Pham received a residence in Milpitas, California and a 92% shareholder interest in San Yang Entertainment ("San Yang") through fraudulent transfers. *Id*. Following the transfers, Ms. Pham became the sole owner of San Yang and its sole asset, the Lido Nightclub. Ms. Pham does not dispute any of these facts. Dkt. No. 93 at 2 (Opposition).

---

[1] The following facts are undisputed unless otherwise stated.

On or about August 22, 2014, TVBI and Pham settled the Fraudulent Transfer Action by entering into a written settlement agreement (the "Settlement Agreement"). Dkt. No. 85-5 (Exhibit C to Hilton Decl. – Settlement Agreement). Pursuant to the Settlement Agreement: (a) Pham executed a promissory note in the amount of $120,000, secured by the Milpitas residence transferred to her by Wang (Dkt. No. 85-5 at 1 (Exh. C to Hilton Decl. – Settlement Agreement)); (b) Pham transferred 92% shareholder interest in San Yang to TVBI and she retained the remaining 8% (*Id*. at 2); (c) Pham executed an Employment and Management Agreement ("Employment Agreement") and continued to operate the Lido Nightclub for compensation of $8,000 per month (*Id*.; *See also* Dkt. No. 85-6 (Exh. D to Hilton Decl. – Employment Agreement)); (d) TVBI was to receive a minimum of $1,000 per month from the proceeds of the Lido Nightclub for the first 12 months following the settlement, and a minimum of $2,000 per month thereafter, along with copies of monthly profit and loss statements (Dkt. No. 85-5 at 3 (Exh. C to Hilton Decl. – Settlement Agreement); and (e) any Lido Nightclub profits after paying out Pham's $8,000 monthly salary would be split – 2/3 to TVBI and 1/3 to Pham (*Id*. at 3). The parties also agreed that "[a]ll loans made by PHAM [to San Yang] will be documented with a note …. At no time shall the loans by PHAM exceed $10,000 ***and all loans shall be approved by TVBI in writing***, prior to creating any obligation to pay PHAM for loans made to SAN YANG." *Id*. at 2-3 (emphasis added).

It is undisputed that Ms. Pham sold the Milpitas Property and paid TVBI the $120,000 proceeds pursuant to the Settlement Agreement and that TVBI held 92% of San Yang. Dkt. No. 93 at 2 (Opposition). Ms. Pham also followed through and made monthly payments to TVBI for a period of time; however, the payments were never increased to $2,000 per month as required by the Settlement Agreement. Dkt. No. 85-2 (Hilton Decl. ¶ 6.). Finally, beginning in February 2017, Pham stopped sending checks altogether. *Id*. ¶ 7; Dkt. No. 85-7 (Exh. E to Hilton Decl. – payment spreadsheet tracking Ms. Pham's payments from October 2014 – December 2016).

Several months after it stopped receiving payments, TVBI learned that in March 2016, Ms. Pham unilaterally dissolved San Yang Entertainment and transferred all its assets to Lido Enterprise[2]

---

[2] Lido Enterprise was registered with the California Secretary of State on October 16, 2013 and is controlled exclusively by Ms. Pham. Dkt. No. 93-1 at ¶ 12 (Pham Decl.); Dkt. No. 39 ¶ 5

– a company she solely owns and controls. Dkt. No. 93-1 ¶ 12 (Pham Decl.); Dkt. No. 93 at 3 (Opposition) ("Ms. Pham does not dispute that on March 16, 2016, she dissolved San Yang."); Dkt. No. 85-11 (Exh. I to Hilton Decl. – Responses to Requests for Admission ("RAF") Nos. 23, 24, 25)[3]; Dkt. No. 39 ¶ 5 (Answer to Second Amended Complaint).[4] Specifically, on March 16, 2016, Pham filed a Certificate of Dissolution of San Yang Entertainment, Inc. with the California Secretary of State. *Id.*; Dkt. No. 85-8 (Exh. F to Hilton Decl. – Certificate of Dissolution); Dkt. No. 85-11 (Exh. I to Hilton Decl. – Response to RAF No. 26).[5] The Certificate of Dissolution falsely stated that the election to dissolve was made by a vote of all outstanding shares – meaning TVBI voted in favor of the dissolution and transfer of assets to Lido Enterprise when in fact it had no idea the dissolution and transfer occurred. *Id.* Ms. Pham admits she summarily dissolved and transferred the assets to Lido Enterprise without informing TVBI. *Id.*; Dkt. No. 85-12 at No. 7 (Exh. J to Hilton Decl. – Ms. Pham's Responses to Special Interrogatories).[6]

## LEGAL STANDARD

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine dispute as to any material fact and the movant is entitled

---

(Answer to Second Amended Complaint). Lido *Enterprise* should not be confused with the Lido *Nightclub* which is a separate and distinct entity. Lido Nightclub was San Yang's sole asset.

[3] Ms. Pham admitted RAF Nos. 23-25 which read respectively:
(23) Admit that YOU filed the DISSOLUTION CERTIFICATE without giving notice to TVBI;
(24) Admit that YOU filed the DISSOLUTION CERTIFICATE without seeking approval of TVBI;
(25) Admit that TVBI did not elect to dissolve San Yang Entertainment, Inc.

[4] Admitting Pham is the sole shareholder, sole officer and sole director of Lido Enterprise.

[5] Ms. Pham admitted RAF No. 26 which reads: Admit that the statement in the DISSOLUTION CERTIFICATE that "[t]he election to dissolve was made by a vote of all the outstanding shares" was false.

[6] Special Interrogatory No. 7 requested M. Pham identify "each person or entity that received any of San Yang Entertainment, Inc.'s assets upon dissolution." The only person or entity she listed in her response was Lido Enterprise.

3

to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

When evaluating a motion for summary judgment, the Court must view evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . ." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Parties must present admissible evidence. Fed. R. Civ. P. 56(c).

**DISCUSSION**

**I.    Second Cause of Action: Breach of Fiduciary Duty**

"The elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086, 41 Cal. Rptr. 2d 768 (1995).

4

1    TVBI alleges Ms. Pham breached her fiduciary duties by "failing to make the distributions of profit that were due to TVBI and keeping the money herself, dissolving the corporation without the knowledge or consent of TVBI, and distributing the assets of San Yang to herself or to Lido Enterprise or friends and/or family members." Dkt. No. 32 ¶ 34 (Amended Complaint).[7]

Ms. Pham does not dispute that she owed TVBI a fiduciary duty. Dkt. No. 93 at 6-7 (Opposition). Rather, Ms. Pham argues (1) that she did not breach her duty and (2) TVBI cannot establish damages. *Id*. Her arguments fail.

### A.    Breach

Ms. Pham argues that she did not breach her fiduciary duty when she dissolved San Yang because she was exercising her business judgment and therefore cannot be liable. She claims that dissolving San Yang and transferring all its assets to Lido Enterprise was necessary to protect San Yang from wage-and-hour lawsuits from current and former employees. Dkt. No. 93 at 6 (Opposition). But the business judgment rule "does not shield actions taken without reasonable inquiry, with improper motives, or as a result of a conflict of interest." *Berg & Berg Enterprises, LLC v. Boyle*, 178 Cal. App. 4th 1020, 1045, 100 Cal. Rptr. 3d (2009) quoting *Everest Investors 8 v. McNeil Partners*, 114 Cal.App.4th 411, 430 (2003). Ms. Pham has admitted that she is the sole shareholder, officer and director of Lido Enterprise. Dkt. No. 39 ¶ 5 (Answer to Second Amended Complaint). She also admits that San Yang's assets were dissolved and transferred without informing TVBI. Dkt. No. 85-8 (Exh. F to Hilton Decl. – Certificate of Dissolution); Dkt. No. 85-11 (Exh. I to Hilton Decl. – Response to RAF Nos. 23-26). Ms. Pham does not dispute that TVBI was a 92% shareholder of San Yang and that she did not seek or receive TVBI's approval – as the majority shareholder – to dissolve San Yang. Dkt. No. 85-11 (Exh. I to Hilton Decl. – Responses to Requests for Admission ("RAF") Nos. 23, 24, 25); Dkt. No. 93 at 2 (Opposition). The transaction was inherently conflicted and therefore cannot be protected by the business judgment rule.

---

[7] TVBI also alleges Ms. Pham breached her fiduciary duty by overpaying herself. Dkt. No. 85-1 at 10. However, these allegations do not appear in the Amended Complaint. See Dkt. No. 32. It would be improper to grant summary judgement with respect to allegations that do not appear in the Amended Complaint.

5

Ms. Pham next argues she did not breach her fiduciary duty because TVBI knew Lido Enterprise was running Lido Nightclub.[8] Dkt. No. 93 at 7 (Opposition). But even if TVBI knew that Lido Enterprise existed, pursuant to its 92% stake in San Yang, TVBI would have had to approve the transaction to dissolve San Yang. Simply knowing that Lido Enterprise exists is meaningless. Ms. Pham has failed to raise a material issue of fact with respect to breach.

### B. Damages

Ms. Pham argues TVBI has failed to establish not just the amount but the existence of damages on its breach of fiduciary duty claim. By her own admission, the Lido Nightclub had at least $2,000 worth of assets – all of which went to Lido Enterprises, an entity wholly owned and controlled by Ms. Pham. Dkt. No 93 at 4 (Opposition). San Yang's only asset was the Lido Nightclub. Ms. Pham does not dispute that she owned 8% of San Yang and TVBI owned 92%. Thus, at a minimum, TVBI was entitled to 92% of the $2,000 of which it received none.

The existence of damages for purposes of the breach of fiduciary duty claim has been established. Because TVBI has established all the necessary elements, summary judgment with respect to liability on its second cause of action for breach of fiduciary duty is proper.

## II. Fifth Cause of Action: Breach of Contract

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th 811, 821, 124 Cal. Rptr. 3d 256, 250 P.3d 1115 (2001).

---

[8] Ms. Pham argues TVBI was on notice that Lido Enterprise was running Lido Nightclub because TVBI received profit and loss statements for San Yang that referred to Lido Enterprise. Dkt. No. 93 at 7. Ms. Pham cites to a declaration from her accountant, Vicky Nguyen, which states profit and loss statements were sent to TVBI until February 2016, when they stopped being sent because "TVBI stopped requesting them." Dkt. No. 93-2 ¶ 9 (Nguyen Decl. In Support of Opposition). Notably, Ms. Pham does not attach or otherwise submit copies of such statements as evidence. Further, TVBI denies receiving such statements and notes that even if they had, they did not receive any statements, by Ms. Nguyen's own admission, after February 2016. Dkt. No. 94 at 7. Lido Nightclub was dissolved in March 2016; thus any alleged profit and loss statements TVBI did receive would not have put it on notice of the dissolution. *Id*.

TVBI alleges "Pham breached the Settlement Agreement by failing to pay the monthly payments due to TVBI, by failing to make any profit distributions to TVBI, and by failing to provide monthly financial statements to TVBI." Dkt. No. 32 ¶ 69.

In her opposition, Ms. Pham does not dispute whether she breached; rather, she argues the amount of damages are still very much at issue. She even estimates that "at the end of the day … TVBI could end up owing her money .…"[9] Dkt. No. 93 at 8 (Opposition). While the Court will refrain from deciding the exact amount of damages due to TVBI at this time, the suggestion that TVBI will owe Ms. Pham money strikes the Court as highly unlikely.

Because Ms. Pham does raise not any material issues of fact with respect to the breach of contract claim, summary judgment of liability is proper.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS plaintiff TVBI's motion for partial summary judgment with respect to liability on the second and fifth causes of action for breach of fiduciary duty and breach of contract respectively. The amount of damages for both causes of action must be determined at trial.

**IT IS SO ORDERED**.

Dated: April 23, 2019

SUSAN ILLSTON
United States District Judge

---

[9] Ms. Pham claims to have contributed $289,366.97 of her personal funds to Lido Nightclub that she argues should offset any alleged damages to TVBI. Dkt. No. 93-1 at ¶ 34; Dkt. No. 93-3 (Lowenthal Decl. Ex. A – copies of checks from Ms. Pham to Lido Enterprise). However, of these contributions, Pham contributed all but $10,000 to Lido *Enterprise* – not Lido *Nightclub* – the former Ms. Pham admits she exclusively operates and controls. *Id*.

7