UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVBI COMPANY LIMITED,<br>  Plaintiff,<br>  v.<br>HONG THOA THI PHAM, et al.,<br>  Defendants. | Case No. 17-cv-05858-SI<br><br>**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM**<br>Re: Dkt. No. 100 |

Defendant Hong Thoa Thi Pham has moved for leave to file a counterclaim against TVBI, in this case which is set for jury trial approximately one month from now, on July 8, 2019. Dkt. No. 100. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for June 14, 2019. The Court DENIES the motion.[1]

Plaintiff TVBI filed its complaint in October 2017. Dkt. at 1. A year later, in October 2018, defendant substituted attorneys, retaining her current counsel. Dkt. No. 67. On May 7, 2019, Ms. Pham filed the instant motion seeking leave to file a counterclaim "to offset the amounts [she] put into Lido Enterprise … to keep the night club afloat." Dkt. No. 100 at 5. After defendant retained her current counsel, (1) the parties submitted several discovery disputes to the Court (Dkt. Nos. 77 and 88), (2) the parties submitted a February 5, 2019 stipulation to continue trial deadlines (Dkt. No. 80), (3) Ms. Pham filed an April 5, 2019 opposition to plaintiff's motion for summary judgment (Dkt. No. 93), and (4) the parties submitted an April 26, 2019 stipulation to further continue trial

---

[1] The Court GRANTS Ms. Pham's ex parte application for leave to file her reply. Dkt. No. 105.

deadlines (Dkt. No. 97).

In her opposition to plaintiff's motion for summary judgment, Ms. Pham argued that "at the end of the day … TVBI could end up owing her money" based on an estimated $289,366.97 Ms. Pham alleges she contributed to the Lido Nightclub. Dkt. No. 93 at 8 (Defendants' Opposition to MSJ). Therefore, at a minimum, Ms. Pham was aware of the arguments regarding these payments in March/April 2019 when she was preparing her opposition. Yet, despite this, and despite the parties being heavily involved in discovery, which surely crystalized this issue earlier, only now has Ms. Pham moved to file a counterclaim.

Ms. Pham admits the deadline to file a counterclaim has passed but urges the Court to grant her leave to file such a claim due to "excusable neglect" pursuant to FRCP 6(b)(1)(B).[2] Dkt. No. 100 at 2. To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts apply a four-factor test examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 395 (1995). Ms. Pham has not met these elements.

First, because the trial date is imminent, plaintiff would be prejudiced by not having the opportunity to file a motion to dismiss or a motion for summary judgment – not to mention being precluded from conducting discovery specifically targeted towards the proposed counterclaim.

Second, while it is true Ms. Pham's counsel was retained this past October 2018, that means counsel waited *seven months* to raise this issue. This delay is unexplainable and inexcusable.

Third, the reason for the delay is entirely within Ms. Pham and her counsel's control. Ms. Pham argues that when she changed counsel she also hired an expert to assess damages and "[d]uring that process it was identified that Ms. Pham had made substantial contributions to Lido Enterprise

---

[2] FRCP 6(b)(1): Extending Time: *In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
   (A) With or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
   (B) ***On motion made after the time has expired if the party filed to act because of excusable neglect***. (emphasis added)

2

to keep the business afloat and those losses were not borne equally by TVBI." Dkt. No. 100 at 3-4. However, Ms. Pham surely did not need an expert to tell her that she put nearly $300,000 of her own money into the business. The Court also notes that Ms. Pham's motion is *silent* with respect to the date when the expert was retained and when this "discovery" was made.

Fourth, the Court has serious questions as to whether Ms. Pham has acted in good faith, given the fact that this motion was filed only after the parties submitted a stipulation to move the trial date on April 26, 2019 – without any mention of the instant request to file a counterclaim.

Ms. Pham also argues FRCP 15(a)[3] requires the Court to grant her leave to file a counterclaim. It does not. FRCP 15(a) states that leave to file an amended pleading be "freely given when justice so requires." But the Supreme Court has made clear that this is only true "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court has already discussed above its serious concerns about the timing of the instant motion − prejudicing plaintiff and implicating both undue delay and bad faith.

Ms. Pham's motion for leave to file a counterclaim is therefore DENIED.

**IT IS SO ORDERED**.

Dated: June 5, 2019

SUSAN ILLSTON
United States District Judge

---

[3] FRCP 15(a)(2): *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

3