UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVBI COMPANY LIMITED, et al., Plaintiffs, v. HONG THOA THI PHAM, et al., Defendants. | Case No. 17-cv-5858 SI **FINAL PRETRIAL SCHEDULING ORDER** Re: Dkt. Nos. 107, 113, 114 |

On June 27, 2019, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning July 8, 2019. All parties were represented by counsel, with plaintiff's counsel Robert D. Hunt appearing on the telephone. The following matters were resolved:

**1. Number of jurors and challenges:** There will be a jury of 7 members. Each side shall have 4 peremptory challenges.

**2. Voir dire:** The Court will conduct general voir dire, including various of the questions requested by counsel in their proposed additional voir dire filings. Counsel for each side shall have up to 20 minutes total to question the panel. The parties are directed to meet and confer concerning a neutral, non-argumentative statement of the case which can be read to the jury panel at the beginning of the voir dire process; **this statement shall be provided to the Court no later than Friday, July 5, 2019 at 3:00 p.m.**

**3. Jury instructions:** The Court received proposed jury instructions from the parties. Since all substantive claims are predicated on California law, state CACI instruction forms have been used. The Court will instruct counsel on the instructions to be given prior to closing argument.

**4. Trial exhibits:** No later than Wednesday, July 3, 2019, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit and with an index. The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses).

**5. Timing of trial:** Each side estimates that presentation of its case will take 2 days. Thus, based on a 4 day trial estimate, the Court sets the following time limits: each side shall have up to 30 minutes to present opening statements; each side shall have 7 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 45 minutes for closing argument.

**6. Trial schedule:** Jury selection will begin on July 8, 2019, at 8:30 a.m. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 2:00 p.m., all times approximate. The Court does not hear trials on Fridays, although juries may continue to deliberate on Fridays.

**7. Motions in limine:** The parties filed 3 motions in limine. Docket Nos. 107, 113, 114. After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

**Plaintiffs' motion #1,** to exclude any argument by defendants that plaintiff must compensate

defendants for any alleged losses**:** DENIED. Defendants' answer includes affirmative defenses of off-set and unjust enrichment, which they may seek to prove.

**Plaintiffs' motion #2,** to exclude evidence not produced by March of 2019: GRANTED.

**Defendant's motion #1,** to exclude evidence of Ms. Pham's sale of commercial real estate: GRANTED in part and DENIED in part. Evidence of the sale will not be allowed, except in the following three situations: (1) If defendant Pham introduces any evidence that she used income or the sale proceeds from the San Jose Office Building to fund the Lido Nightclub; (2) If defendant Pham introduces any evidence that she is or was financially poor; and (3) If the issue of punitive damages goes to the jury.

**8. Other Matters:** Punitive damages will not be bifurcated. Summary judgment was granted only as to Causes of Action 2 and 5. Thus plaintiffs must prove up all elements of the other causes of action asserted, although they may rely on findings of fact made in the order granting partial summary judgment. The Court will read the requested findings at an appropriate time after trial begins.

At the Pre-Trial Conference, plaintiff voluntarily agreed to dismiss the first (derivative breach of fiduciary duty), third (derivative conversion and embezzlement), sixth (derivative fraudulent transfer) and seventh (direct fraudulent transfer) causes of action. Thus the only claims remaining for trial are the second (breach of fiduciary duty), fourth (direct conversion and embezzlement) and fifth (breach of contract) causes of action.

**IT IS SO ORDERED**.

Dated: June 27, 2019

SUSAN ILLSTON
United States District Judge